IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| Aleksandr Abramovich, | ) | |
| | ) | Case No. 14 B 24708 |
| Debtor. | ) | |
| | ) | |
| | ) | Judge Jacqueline Cox |
| Mediche, Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 14 A 00819 |
| | ) | |
| Aleksandr Abramovich, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the motion for summary judgment filed by Plaintiff, Mediche, Ltd. Plaintiff seeks a judgment denying a discharge to the Debtor and Defendant, Alexander Abramovich, under 11 U.S.C. §§ 727(a)(3), 727(a)(2)(A) and 727(a)(4)(A) as requested in Counts I, III and IV in the First Amended Complaint.[1]  For the reasons set forth below, the motion is granted.

I.   Jurisdiction

The Court has jurisdiction to entertain this matter under 28 U.S.C. § 1334 and Internal

---

[1] The Plaintiff requests judgment in the opening paragraph of motion "on Plaintiff's First Amended Complaint." However, the body of the motion addresses the relief requested in Counts I, III and IV and the conclusion of the motion asks for relief based on the Bankruptcy Code sections pleaded in Counts I, III and IV and not the sections pleaded in Counts II and V. Therefore, relief is being granted on Counts I, III and IV.

1

Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter involves a core proceeding under 28 U.S.C. § 157(b)(2)(J), objections to discharge.

II. <u>Summary Judgment Standard</u>

Summary judgment is appropriate when the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a) (made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056). On a motion for summary judgment, the Court must decide "based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 604 F.3d 490, 507 (7th Cir. 2010) (internal citation omitted). "[A] party seeking summary judgment always bears the initial responsibility of informing the ... court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must draw all reasonable inferences in the light most favorable to the non-moving party. *McKinney v. Cadleway Properties, Inc.*, 548 F.3d 496, 499–500 (7th Cir. 2008).

The Local Rules for the Bankruptcy Court for the Northern District of Illinois require that parties filing and opposing a motion for summary judgment follow a procedure that simplifies the evaluation of whether a material fact is in dispute. Under Local Rule 7056-1, the movant must submit a statement of material facts consisting of short numbered paragraphs with references to documents, affidavits or other evidentiary material supporting each statement. The opposing party must then respond to each of the movant's statements of fact, admitting or

denying each statement and including references to supporting evidentiary material in each instance of disagreement. L.R. 7056-2(A)(2)(a). Facts not denied are deemed admitted. L.R. 7056-2(B); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009); *Bush v. Heimer (In re Heimer)*, 549 B.R. 881, 883 (Bankr. N.D. Ill. 2016); *Frankfurt v. Friedman (In re Friedman)*, 531 B.R. 741 (Bankr. N.D. Ill. 2015).

In this case, the Plaintiff complied with the Local Rules by filing a statement of material undisputed facts supported by references to documentary evidence. The Debtor did not file a proper response to the Plaintiff's motion. Instead, he filed a narrative response and affidavits of his wife and himself. Contrary to the Local Rules, he did not respond to the Plaintiff's statement of facts; he failed to admit or deny each enumerated statement with references to supporting evidence. Therefore, the Plaintiff's allegations are deemed admitted.

III.    Discussion

The Plaintiff seeks judgment against the Debtor on each of three causes of action: (1) under § 727(a)(3) for a denial of discharge for failure to keep and preserve records from which his financial condition can be ascertained; (2) under § 727(a)(2)(A) for a denial of discharge for transferring his property to another with the intent to hinder, delay or defraud a creditor; and (3) under § 727(a)(4)(A) for a denial of discharge for knowingly making a false oath in connection with the bankruptcy case. A party objecting to discharge must prove each element of any of these causes of action by a preponderance of the evidence. *Peterson v. Scott (In re Scott)*, 172 F.3d 959, 966 (7th Cir. 1999); *Jeffrey M. Goldberg & Assoc., Ltd. v. Holstein (In re Holstein)*, 299 B.R. 211, 227 (Bankr. N.D. Ill. 2003). The relief for each cause of action is the same – a denial of discharge – so the court need only address one. *Holstein*, 299 B.R. at 226. Still, the

Plaintiff has proven the elements of all of the causes of action it alleged and the motion is granted on each of these causes of action.

A. Unrebutted Facts

Following are the unrebutted and relevant facts in this adversary proceeding. On November 21, 2008, a judgment was entered for the Plaintiff and against the Debtor for $733,294.50 in the Circuit Court of Cook County. Pl. SOF, ¶ 1, Pl. Ex. 1. This bankruptcy case was filed on July 2, 2014. Pl. SOF, ¶ 17, Pl. Ex. 11. This adversary proceeding was filed on December 3, 2014. 14 A 00819, Dkt. #1. The Plaintiff served document requests on the Debtor in which the Plaintiff requested records reflecting the Debtor's income, bank accounts, sale of property, ownership of property, mortgages, transfers of corporate shares, expenses, and lawsuits filed against him. In a response verified by the Debtor, the answer to each one of these production requests was "Defendant has no such documents in his possession." Pl. SOF, ¶ 27, Pl. Ex. 7. In response to a motion to compel production filed by the Plaintiff, the Debtor revealed that he has no records regarding property ownership, no documentation of bank accounts since 2009, no documentation of employment, does not pay rent, and did not maintain any records of expenses from 2009 through 2014. Pl. SOF, ¶ 29, Pl. Ex. 17. He repeatedly states in his response that he did not maintain any records of any kind. Response, pages 5, 8, 9. He did produce United States tax returns for 2009 through 2014, which showed some income, as well as some other financial activity, including net profits from a sole proprietorship. Pl. Ex. 7.

On September 23, 2016, the Central District Court of the City of Minsk, Republic of Belarus (where the Debtor now resides) entered a judgment, after trial, declaring certain transfers between the Debtor and his ex-wife, to be invalid, including (1) the July 2009 transfer of unit 4N

4

at 8 Storozhevskaya, Minsk from the Debtor to his wife's business, SPS-Invest, and (2) the July 2009 transfer of unit 12N at 8 Storozhevskaya, Minsk from the Debtor to his wife's business, SPS-Invest. Pl. SOF, ¶ 2, Pl. Ex. 2, pages 3-4. The Court also invalidated the conveyance from the Debtor to his son of 41% of his ownership of 32-3N Gorodetskaya Street, Minsk for no consideration. Pl. Ex. 2, page 4. That judgment was affirmed on appeal on December 22, 2016. Pl. SOF, ¶ 24, Pl. Ex. 16.[2]

The Debtor was not honest in his bankruptcy filings about what was going on in Belarus. He did not disclose pending Belarus litigation in response to question # 4 on his Statement of Financial Affairs, which asks for a list of all suits to which the Debtor was a party within a year of the petition. Pl. Ex. 11. A Belarus litigation was pending at the time – in fact an injunction was issued prohibiting the Debtor from transferring certain assets in June of 2014, the month before the bankruptcy petition was filed. Pl. SOF, ¶ 16, Pl. Ex. 10. He stated at question #10 of his SOFA that he received consideration of $500 for the property he transferred to his son. Pl. Ex. 11. Even if this was adequate consideration, according to the Belarus Court it is not true; he received nothing. Pl. Ex. 2, page 4. After the Belarus Court invalidated the Debtor's pre-petition transfers of the Storozhevskaya condominium units and the Gorodetskaya property to his family members, those properties became assets of the bankruptcy estate; he was obligated to amend his schedules and did not. *See* Dkt. 14 B 24708.

The Plaintiff states that a series of transfers took place between the date it obtained its judgment in 2008 and the filing of the bankruptcy petition in 2014. The Plaintiff describes these

---

[2]The Plaintiff states that the date of the affirmance was December 8, 2016, but this Court's examination of the opinion attached as Plaintiff's Exhibit 16 reveals that the hearing date was December 8 – the opinion was signed on December 22, 2016

5

transfers of real property and shares in the Debtor's wife's and sister-in-law's company. All but one of these transfers took place well before the one year period prior to the petition date required by § 727(a)(2)(A). Pl. SOF, ¶¶ 2, 6, 8, 9. One of these transfers falls within the continuing concealment exception to the one year rule -- his May 2012 transfer of his residence, apartment No. 169 at 32 Gorodetskaya Street, Minsk to his wife for no consideration. Pl. SOF, ¶ 8, Pl. Ex. 4. Furthermore, some of the documentation of actions taken by the Belarusian Courts allegedly in favor of the Plaintiff, and attached to the motion, is in a language other than English and submitted without translation. Pl. SOF, ¶¶ 4, 19, 20, 21, Pl. Exs. 5, 6, 13, 14, 15. This is not useful to the Court. Those documents cannot be given any evidentiary weight.

The one transfer that did take place within a year of the petition date was a January 15, 2014 transfer from the Debtor to his son of his share of non-residential space in the Gorodetskaya property. Pl. SOF, ¶ 12. The Debtor disclosed in his Statement of Financial Affairs in response to question # 10 a transfer to his son dated January 2014 of a "5% interest in a utility room connected to condominium" with a value of $500. Pl. Ex. 11. The Plaintiff offers evidence that both the value of $500 is false and the payment is false. The 9/23/16 judgment refers to the transfer of the "technical floor" of the residential building on Gorodetskaya Street as 337 square meters, which the Plaintiff points out is 3,627 square feet. Pl. Ex. 2. The Plaintiff's unrebutted statement that $500 is inadequate consideration for 3,627 square feet of real estate, even if a "utility room" or "technical" space, is a credible statement. Pl. SOF, ¶ 47. According to the 9/23/16 judgment, the Debtor received nothing for the space, further proving that he lied on his SOFA. Pl. Ex. 2, page 4.

B. <u>Section 727(a)(3)</u>

11 U.S.C. § 727(a)(3) "requires as a precondition to discharge that debtors produce records which provide creditors 'with enough information to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and accuracy for a reasonable period past to present." *In re Juzwiak*, 89 F.3d 424, 427 (7th Cir. 1996); *Structured Asset Services, LLC v. Self (In re Self)*, 325 B.R. 224, 240 (Bankr. N.D. Ill. 2005). "Intent is not an element of proof under § 727(a)(3)." *Scott*, 172 F.3d at 969.

This Debtor readily admits that he "had no reason to maintain books and records" because he "had no business interests." Response, page 5. One does not have to have "business interests" to maintain a bank account, records of property transfers, records of income and outflow and taxes paid. The Debtor argues that there is no reason for him to have documentation of the transfer of his interest in SPS in 2012 (just over two years before his bankruptcy filing). He argues that there is no reason for him to maintain records regarding the condominium he lives in and that he transferred to his wife just over two years prior to his bankruptcy filing and which his wife transferred to their son in the same year of his bankruptcy filing. He also argues that there was no reason to maintain books and records for his consulting work, because he earned very little money from it. Response, page 8. He is correct that he was not under any obligation to maintain books and records of all this activity, but if he wants the privilege of a bankruptcy discharge, he is required to maintain and produce records sufficient for a creditor to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and accuracy for a reasonable period. He did not do that.

The tax returns that he did produce indicate that he engaged in some business activities

7

and made profits from a sole proprietorship, took deductions and exemptions, received income from rental property and calculated depreciation on assets in the five years prior to his bankruptcy filing. Records are a precondition to discharge and this debtor readily admits that he has no records. Therefore, he is not entitled to a discharge.

C. Section 727(a)(2)(A)

Under § 727(a)(2)(A), an objection to discharge will be sustained if the objecting party alleges and proves the following elements: (1) the debtor transferred, removed, destroyed, mutilated, or concealed property; (2) belonging to the estate; (3) within one year of filing the petition; and (4) with the intent to hinder, delay or defraud a creditor of the estate. *Self*, 325 B.R. at 224, 237, citing *In re Kontrick*, 295 F.3d 724, 736 (7th Cir. 2002), *aff'd*, 540 U.S. 443, 124 S.Ct. 906 (2004). Because "it is unlikely that a debtor will admit fraud, intent may be established by circumstantial evidence" surrounding the debtor's conduct. *Village of San Jose v. McWilliams*, 284 F.3d 785, 790 (7th Cir. 2002); *In re Snyder*, 152 F.3d 596, 601 (7th Cir.1998); *Holstein*, 299 B.R. 211. Courts have identified certain factors, or "badges" of fraud, warranting the inference of intent. *McWilliams*, 284 F.3d at 791; *Holstein*, 299 B.R. at 229. These include lack of consideration for a transfer, a familial relationship between the parties, the debtor's retention of possession and benefit of the transferred property, and the debtor's financial difficulties at the time of the transfer. *McWilliams*, 284 F.3d at 791; *Holstein*, 299 B.R. at 229 - 230.

In addition, "under the doctrine of continuing concealment, 'where property is transferred more than one year before bankruptcy, a discharge may nonetheless be denied if the concealment of any retained interest in that property continues into the statutory one-year period, coupled with

the requisite intent.' [Citations omitted]." *Self*, 325 B.R. at 238. Even if a debtor transfers legal title to the property, his continued use of the property "as his own" is sufficient to constitute a continuing concealment. *Friedell v. Kauffman (In re Kauffman)*, 675 F.2d 127, 128 (7th Cir. 1981); *Self*, 325 B.R. at 238; *Holstein*, 299 B.R. at 229.

Most of the transfers of estate property complained of by the Plaintiff were made by the Debtor after the Plaintiff obtained its judgment but well before the one-year pre-petition period of § 727(a)(2)(A), taking them out of the statute's reach. Two of the transfers fall within the statute. One is the transfer of the 3,627 square foot "utility room" from the Debtor to his son in January 2014. Another transfer made by the Debtor to his wife is pulled back in by the doctrine of continuing concealment. The Debtor admits that he transferred the Gorodetskaya condominium – apartment No. 169 at 32 Gorodetskaya Street -- to his wife in May 2012, without consideration, but continued to live there, using the property as his own. Response, pages 2, 6. He also listed the property as his address in Belarus Court filings. Pl. SOF, ¶ 14.

The Plaintiff demonstrated the elements of § 727(a)(2)(A) for each of the two transfers. The Debtor transferred more than 3600 square feet of real property to his son for no consideration.[3] The property was estate property transferred within a year of the filing of this bankruptcy petition. The intent to hinder, delay or defraud a creditor of the estate is apparent from the badges of fraud – lack of consideration, the familial relationship and the Debtor's admittedly dire financial situation at the time of the transfer. Response, pages 4-5. The Debtor

---

[3]The Debtor argues repeatedly that the transfer was made to correct an earlier oversight - not transferring the utility room when he transferred the condominium unit. Response, page 2. He fails to understand that it does not matter if he was "correcting an oversight." He was still transferring property to his son within a year of filing for bankruptcy and with many of the badges of fraud indicating intent to defraud his creditors.

was also indebted to the Plaintiff at the time of the transfer for its judgment amount of $733,294.50.

The other transfer, the condominium to his wife, was transferred more than a year prior to the filing of his bankruptcy petition, but the doctrine of continuing concealment applies to the transfer. The Debtor transferred legal title to the property, but admittedly continued to use it as his own, creating a "continuing concealment." Response, page 2. He admits that the transfer was for no consideration. The requisite intent is shown again by the badges of fraud – lack of consideration, a familial relationship between the parties, the Debtor's retention of possession of the transferred property, and his dire financial straits at the time of the transfer, including his debt to the Plaintiff. Each element of § 727(a)(2)(A) has been satisfied.

C.  Section 727(a)(4)(A)

Under 11 U.S.C. § 727(a)(4)(A), the Court may deny a discharge if a debtor knowingly makes a false oath or statement in connection with his bankruptcy case. The purpose of this section is to "enforce a debtor's duty of disclosure ..." *Layng v. Hicks (In re Hicks)*, 2017 WL 1160871, at *15 (Bankr. N.D. Ill. Mar. 24, 2017). For a creditor to prevail under § 727(a)(4)(A), he must establish that: (1) the debtor made a statement under oath, (2) the statement was false, (3) the debtor knew the statement was false, (4) the debtor intended to defraud, and (5) the statement was material to the case. *Id*. A statement under oath includes an omission. *Skavysh v. Katsman, (In re Katsman)*, 771 F.3d 1048 (7th Cir. 2014); *Stamat v. Neary, (In re Stamat)*, 635 F.3d 974 (7th Cir. 2011). A chapter 7 debtor has a continuous, affirmative duty to fully disclose assets and liabilities in his schedules. *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999); *In re Roberts*, 556 B.R. 266, 275 (Bankr. S.D. Miss. 2016); *In re Robbins*, 398 B.R. 442,

10

445 (Bankr. W.D. Ky. 2008). In the context of a § 727(a)(4)(A) cause of action, a showing of reckless disregard for the truth is sufficient to prove fraudulent intent. *Stamat*, 635 F.3d at 982. A fact is material "'if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property.'" *Id.* (citing *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1198 (9th Cir. 2010)).

The Debtor failed to report in his schedules or his discovery responses any of the ongoing litigation in Belarus concerning his transfers of his assets. Pl. Exs. 11, 18. He did not disclose the Belarus litigation in response to question # 4 on his Statement of Financial Affairs, which asks for a list of all suits to which the debtor was a party within a year of the petition. Pl. Ex. 11. A Belarus litigation was pending at the time and an injunction was issued prohibiting the debtor from transferring certain assets in June of 2014, the month before the bankruptcy petition was filed. Pl. SOF, ¶ 16, Pl. Ex. 10. He stated at question #10 of his SOFA that he received consideration of $500 for the property he transferred to his son. Pl. Ex. 11. Even if this was adequate consideration, it is not true; according to the Belarus court he received nothing. Pl. Ex. 2, page 4.

Equally egregious is that he failed to amend his schedules to show that transfers of property he had made pre-petition were nullified by a court, bringing those significant pre-petition assets – the Storozhevskaya condominium units and the Gorodetskaya property -- into his bankruptcy estate and making them available to his creditors. Pl. SOF, ¶ 60, Pl. Ex. 2, 16; Dkt. 14 B 24708. The initial judgment was entered on September 23, 2016, and the Debtor should have disclosed the assets at that time. Pl. SOF, ¶ 23, Pl. Ex. 2. That judgment was affirmed on appeal on December 22, 2016. Pl. SOF, ¶ 24, Pl. Ex. 16. The Debtor did not amend

11

his schedules in the last year to reflect that the properties were assets of the bankruptcy estate. See Dkt. 14 B 24708.

The Debtor's reckless disregard for the truth, and every part of the bankruptcy process, is apparent from his failures to (1) maintain or produce any records related to any aspect of his financial life, (2) disclose pending litigation, (3) be completely honest about the transfers he did disclose, and (4) amend his schedules to disclose the rulings of the Belarus courts. His omissions are material because they concern the discovery of assets, business dealings, and the disposition of estate property. Adding to the materiality element of §727(a)(4)(A) is the fact that there are no other assets available for distribution to creditors, according to the Debtor's own schedules. *See* 14 B 24708, Dkt. # 1, 14. Therefore, the Plaintiff is entitled to summary judgment on its cause of action under §727(a)(4)(A).

IV.   Conclusion

The Plaintiff's motion for summary judgment is granted in its entirety and the Debtor is denied a discharge under 11 U.S.C. §§ 727(a)(3), 727(a)(2)(A) and 727(a)(4)(A).

Dated: October 19, 2017

ENTERED:

J. P. Cox

_____
Jacqueline P. Cox
United States Bankruptcy Judge